Contracts; Wunderlich Act; constructive suspension of work; changed condition; warranty as to commencement of work; superior knowledge of Government; failure to disclose. — Plaintiff seeks review under Wunderlich Act standards of a decision of the General Services Administration Board of Contract Appeals (Board) denying its claim for an equitable adjustment of a construction contract price because defendant’s 60-day delay in issuing the notice to proceed constituted either a constructive suspension of work or a changed condition. Plaintiff was the Phase II contractor on a construction contract to build a United States courthouse annex in Chicago. Preparation of the site was accomplished by a Phase I contractor. Defendant’s solicitation for bids stated that the notice to proceed with onsite Phase II work would be issued "when the Phase I contractor is substantially completed, estimated to be not later than January 22, 1973.” The Phase I contractor actually completed substantial performance on March 29, 1973, and defendant issued notice to plaintiff to proceed on *527 March 26 (having contemplated lead time for start-up activities)! Plaintiff contends that the Government’s estimated date for its issuance of the notice to proceed was "knowingly and misleadingly unreliable” and that as a result the 60-day delay in issuing the notice was unreasonable and amounted to a constructive suspension of work or a change within the meaning of the applicable contract provisions. On February 20, 1980 Trial Judge Roald A. Hogenson filed a recommended opinion (reported in full at 28 CCF ¶ 80,931)* upholding the decision of the Board and concluding that plaintiff had failed to prove either superior knowledge by the Government or reasonable inability of its own engineers to anticipate the latent conditions (massive reinforced concrete foundations encountered by the Phase I contractor that required excavation) which in fact caused the delay in the completion of Phase I, the subsequent delay in the issuance of the notice to proceed, and plaintiffs increased costs. In addition, the trial judge concluded that the 60-day delay was not unreasonable under the circumstances. On December 12,1980 the court, by order, adopted the recommended decision of the trial judge as the basis for its judgment in this case, denied plaintiffs motion for summary judgment, granted defendant’s cross-motion for summary judgment, and dismissed the petition.